JAMES C. DEVER III, Chief United States District Judge
Oliver Lee White ("White" or "respondent") is a 30-year old Native American man with intellectual disability. Three times in the last nine years, federal grand juries in the United States District Court for the District of Montana have indicted White and charged him with sexually assaulting numerous female children. In the first case, White and the United States entered a pretrial deferment agreement. In the latter two cases, doctors examined White and determined that he was not competent to stand trial due to his intellectual disability and that White could not be hospitalized pursuant to 18 U.S.C. § 4246. In each case, the District of Montana dismissed the criminal charges without prejudice.
On August 30, 2017, the United States certified White as a sexually dangerous person under 18 U.S.C. § 4248. See [D.E. 1]; see also [D.E. 2]. On December 20, 2017, White moved to dismiss the proceeding under 18 U.S.C. § 4248 and, alternatively, for a competency hearing to determine whether White is competent to proceed in his civil commitment hearing under 18 U.S.C. § 4248. See [D.E. 37].
On May 14, 2018, Magistrate Judge Gates issued a Memorandum and Recommendation ("M & R") and recommended that the court deny White's motion to dismiss and alternative motion for a competency hearing [D.E. 58]. On May 29, 2018, White objected to the M & R [D.E. 65]. On June 12, 2018, the government responded to White's objections [D.E. 69]. On June 18, 2018, White filed a motion to hold discovery in abeyance pending the court's ruling on the M & R [D.E. 70]. On June 25, 2018, the government responded in opposition [D.E. 73]. On June 25, 2018, White replied [D.E. 74].
The court has reviewed the M & R, the record, and White's objections de novo. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) ; 28 U.S.C. § 636(b). As explained below, the court declines to adopt the M & R and grants White's motion for a competency hearing. Before that hearing takes place, the court orders an examination of White under 18 U.S.C. § 4247(b) in order to determine whether White is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings under 18 U.S.C. § 4248 against him or to assist properly in his defense. Following the examination, a report shall be filed with the court and copies served on counsel for White and the United States Attorney and White's guardian ad litem. See 18 U.S.C. § 4247(c). The trial date of November 29, 2018, is postponed. Instead, *570 on November 29, 2018, the court will hold a competency hearing. Pending the competency hearing, the court denies without prejudice White's motion to dismiss. The court denies in part White's motion to hold discovery in abeyance, but relieves White from being deposed or responding to written discovery.
I.
On May 26, 2009, a federal grand jury sitting in the District of Montana indicted White and charged him with four counts of aggravated sexual abuse of a minor. See [D.E. 37-5]. On December 22, 2009, the United States moved to dismiss the indictment without prejudice after entering into a pretrial deferment agreement with White in which the United States deferred prosecution for two years. See [D.E. 37-6]. Pursuant to the deferred prosecution agreement, White was to reside with his mother, Peggy White, and have no contact with minors. See id. On December 22, 2009, the District of Montana dismissed the indictment without prejudice. See [D.E. 37-7]. The court released White to his family.
On April 18, 2012, another federal grand jury in the District of Montana charged White with four counts of abusive sexual contact with minors and two counts of attempted abusive sexual contact with minors. See [D.E. 37-2]. White's mother, Peggy White, and her partner, Susan Kelly, were named as co-defendants and charged with misprision of felony. Id. White's criminal defense attorney requested a competency examination for White. See [D.E. 37-4].
On May 30, 2013, doctors at FMC-Butner concluded that White lacked a rational and factual understanding of the criminal charges and proceedings against him and could not assist in his defense. See [D.E. 37-8] 4-6. The Honorable Donald Molloy requested an evaluation of White under 18 U.S.C. § 4246. See id. at 4. On September 11, 2013, doctors at FMC-Butner concluded that White's mental condition would not create a substantial risk of bodily injury to another person or serious damage to the property of another. See id. at 4-6. Thus, White should not be committed under 18 U.S.C. § 4246. On October 7, 2013, Judge Molloy ordered that the six criminal charges against White be dismissed without prejudice unless the United States objected. See [D.E. 37-10]. On October 10, 2013, the United States moved to dismiss the criminal charges against White without prejudice. See [D.E. 37-9]. Judge Molloy released White to his family. See [D.E. 37-10].
On July 22, 2016, another federal grand jury in the District of Montana charged White with aggravated sexual abuse of a child and attempted sexual abusive contact with a child. See [D.E. 37-11]. On September 28, 2016, the Honorable Susan B. Watters ordered White to be evaluated in order to determine whether White was competent to stand trial. See [D.E. 37-12].
On November 28, 2016, the medial evaluator concluded that White was not competent to stand trial. See [D.E. 37-13]. On January 11, 2017, Judge Watters conducted a competency hearing and ordered that White be evaluated and that attempts be made to assist White in attaining competency. See [D.E. 37-14]. If competency could not be restored, Judge Watters ordered the facility's director to file a certificate pursuant to 18 U.S.C. § 4246(a), stating whether White is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. Id. at 2.
On July 26, 2017, the BOP evaluators opined that White did not meet criteria for *571 civil commitment under 18 U.S.C. § 4246. See [D.E. 94] 18. However, during 2017, BOP evaluators also evaluated White under 18 U.S.C. § 4248 and prepared a report dated August 18, 2017. See [D.E. 10-1].
On August 30, 2017, pursuant to 18 U.S.C. § 4248, the United States filed in this court a Certificate of Sexually Dangerous Person concerning White [D.E. 1]. In its certification, the United States cites "conduct underlying the current pending offenses" in the District of Montana to allege that White "previously engaged or attempted to engage in sexually violent conduct or child molestation." [D.E. 1-1] 2. The United States also cites "evidence that between 2007 through 2014, he engaged in several acts of abusive sexual contact/sexual assault/child molestation against several minors under the age of 12 years." Id. The certification identifies no convictions for sexually violent conduct or child molestation. See id.
After the certification of August 30, 2017, Fabian Saleh, M.D. [D.E. 11], Joseph J. Plaud, Ph.D. [D.E. 12], Amy Phenix, Ph.D. [D.E. 21-1], and Luis Rosell, Psy. D. [D.E. 25] evaluated White. These evaluations noted White's intellectual disability. See Report of Fabian M. Saleh, M.D. (Oct. 12, 2017) [D.E. 11-1] 17 ("[I]t is my opinion ... that Mr. White is a low-functioning individual who presents with a neurodevelopmental disorder best described as Intellectual Disability."); Report of Joseph J. Plaud, Ph.D. (Oct. 15, 2017) [D.E. 12] 16 ("Mr. White was properly oriented as to person and place, but had difficulties articulating basic current information, such as the current or past presidents of the United States, or the reason he was presently at FMC-Butner."); Report of Amy Phenix, Ph.D. (Nov. 12, 2017) [D.E. 21-1] 21-22 ("His intellectual functioning is very low. Mr. White has poor social skills, and he relies on others to help him function in a socially appropriate way. His peers help him write letters and communicate with others. Mr. White has difficulty with communication with others, and he has difficulty with social judgment He has impairment in managing his finances, and he has never lived independently."); Report of Luis Rosell, Psy. D. (Nov. 20, 2017) [D.E. 25] 9 ("He demonstrated deficits in remote and recent memory. Consistent with previous testing, he demonstrated an inability to complete basic tasks related to reading or subtracting. This deficit is due to his global intellectual deficits, which affects his ability on a variety of domains ...."). Two evaluators questioned White's ability to understand and meaningfully participate in the proceedings under 18 U.S.C. § 4248. See Report of Luis Rosell, Psy. D. (Nov. 20, 2017) [D.E. 25] 11; Report of Joseph J. Plaud, Ph.D. (Oct. 15, 2017) [D.E. 12] 16.
On November 28, 2017, White filed a motion to appoint a guardian ad litem [D.E. 28]. In support, White argued that White's "mental condition renders him incompetent to assist counsel in the current matter." Id. at 3.
On December 1, 2017, Judge Watters conducted a hearing in the District of Montana. See [D.E. 37-15]. Judge Watters found that White is not suffering from a mental disease or defect such that "his release would create a substantial risk of bodily injury to another person or serious damage to property of another" and declined to commit White under 18 U.S.C. § 4246. See id. On that same date, Judge Watters granted the government's motion to dismiss the criminal charges against White without prejudice. See id.
On December 20, 2017, White filed a motion to dismiss the certificate against him or, in the alternative, to hold a competency hearing [D.E. 37]. The government opposed the motion. See [D.E. 40].
*572 In April 2018, the government again evaluated White pursuant to 18 U.S.C. § 4246. See [D.E. 51]. On April 30, 2018, Dr. Evan Du Bois concluded that White did not meet criteria for commitment under 18 U.S.C. § 4246. See [D.E. 51] 13; id. at 14 ("Given the overall presentation of Mr. White, including the extent of his cognitive deficits, it does not appear that there is a clear causal relationship between his intellectual disability and risk for future sexual violence.").
On May 14, 2018, Judge Gates granted White's motion for a guardian ad litem [D.E. 60] and recommended denying his motion to dismiss or, in the alternative, for a competency hearing [D.E. 58]. Judge Gates concluded that the certification should not be dismissed because White's "exact situation is provided for in 18 U.S.C. §§ 4241(d) and 4248." Id. at 4. In support, Judge Gates cited 18 U.S.C. § 4241(d), which states: "If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248." 18 U.S.C. § 4241(d) ; see M & R at 3-4.
II.
Section 4241(d) discusses how a court shall proceed after a hearing to determine a defendant's competency. See 18 U.S.C. § 4241(d). If the court determines that a defendant "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General." 18 U.S.C. § 4241(d). As discussed, on January 12, 2017, Judge Watters found that White was not mentally competent to proceed in his criminal case and complied with 18 U.S.C. § 4241(d) by committing White to the custody of the Attorney General. See [D.E. 37-14].
The Attorney General then hospitalized White for evaluation and treatment. See 18 U.S.C. § 4241(d) ; [D.E. 37-14] 2. During that hospitalization, BOP examiners concluded that there was not a substantial probability that in the foreseeable future White will attain the capacity to permit the criminal proceedings to go forward. See [D.E. 94]. The BOP examiners also opined that White did not meet criteria for commitment under 18 U.S.C. § 4246. See id. at 18. On December 1, 2017, Judge Watters held a hearing, declined to commit White under section 4246, and dismissed the criminal charges against White without prejudice. See [D.E. 37-15].
The government cites the language at the end of section 4241(d) and states that this court need not hold a competency hearing concerning White's competency to proceed under 18 U.S.C. § 4248. See 18 U.S.C. § 4241(d) ("If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of section 4246 and 4248."). The court disagrees. Being "subject to the provisions" of section 4248 does not address whether this court can hold a competency hearing concerning White's competency to proceed under 18 U.S.C. § 4248. It also does not address whether the Fifth Amendment Due Process Clause permits the United States to proceed under section 4248 against a person who is not competent to understand the section 4248 proceeding and who contests all three prongs under section 4248. Cf. United States v. Comstock, 560 U.S. 126, 129-33, 137-49, 130 S.Ct. 1949, 176 L.Ed.2d 878 (2010) ; Medina v. California, 505 U.S. 437, 446-53, 112 S.Ct. 2572, 120 L.Ed.2d 353 (1992) ;
*573 Jackson v. Indiana, 406 U.S. 715, 720-39, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972) ; Greenwood v. United States, 350 U.S. 366, 373-76, 76 S.Ct. 410, 100 L.Ed. 412 (1956) ; United States v. Wood, 741 F.3d 417, 423-25 (4th Cir. 2013).
Section 4248(b) expressly permits a court to order a competency evaluation under 18 U.S.C. § 4247(b) for a person facing civil commitment under 18 U.S.C. § 4248. See 18 U.S.C. § 4248(b) ("Prior to the date of the hearing, the court may order that a psychiatric or psychological examination of the defendant be conducted, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of section 4247(b) and (c)."). Section 4247(b), in turn, permits this court to order an examination under section 4241 to determine "whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4247(c)(4)(A). The court construes the word "proceeding" in section 4247 to include a section 4248 proceeding. Thus, this court orders an examination of White under 18 U.S.C. § 4247(b) to determine whether White is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings under 18 U.S.C. § 4248 against him or to assist properly in his defense in the section 4248 proceeding. Once the court receives the results of that examination, the court will hold a competency hearing on November 29, 2018.
III.
In sum, the court DECLINES to adopt the M & R [D.E. 58] and GRANTS White's motion for a competency hearing [D.E. 37]. Before that hearing takes place, the court orders an examination of White under 18 U.S.C. § 4247(b) to determine whether White is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings under 18 U.S.C. § 4248 against him or to assist properly in his defense in the section 4248 proceeding. Following the examination, a report shall be filed with the court and copies served on counsel for White and the United States Attorney and White's guardian ad litem. See 18 U.S.C. § 4247(d). The trial date of November 29, 2018, is postponed. Instead, the court will hold a competency hearing on November 29, 2018. Pending the competency hearing, the court DENIES without prejudice White's motion to dismiss. If the court determines that White is not competent to proceed under section 4248, White can renew his motion to dismiss. The court DENIES in part White's motion to hold discovery in abeyance [D.E. 70], but relieves White from being deposed or responding to written discovery requests.
SO ORDERED. This 11 day of September 2018.